UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv128-FDW

| | |
|---|---|
| ELLIS EUGENE ROYSTER, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>FRANK L. PERRY, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court upon Petitioner Ellis Eugene Royster, Jr.'s pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, according to his Petition, was convicted of first-degree murder by a Mecklenburg County Superior Court jury on May 9, 2013. (Pet. 1-2, Doc. No. 1.) He was sentenced to life in prison. (Pet., supra, at 1.)

Petitioner filed a direct appeal, and on October 21, 2014, the North Carolina Court of Appeals issued a decision finding "no error in part and no prejudicial error in part." State v. Royster, 763 S.E.2d 577, 585 (N.C. Ct. App. 2014). Petitioner did not file a petition for discretionary review in the North Carolina Supreme Court. (Pet., supra, at 2.)

On July 30, 2015, the Clerk of the Mecklenburg County Superior Court received Petitioner's first motion for appropriate relief ("MAR"). (Letter to Clerk of Mecklenburg County Superior Court, Pet. 65, Doc. No. 1.) Petitioner's MAR was denied by Order filed on

1

August 7, 2015.[1]  (Order Den. MAR, Pet. 73, Doc. No. 1.)  On August 20, 2015, Petitioner filed

a petition for writ of certiorari, seeking review of the denial of his MAR.  (Pet., supra, at 4.)  The

North Carolina Court of Appeals denied the petition on September 4, 2015.  (Order Den. Cert.

Pet., Pet. 74, Doc. No. 1.)

Petitioner filed the instant habeas Petition on March 7, 2016, when he signed and placed

it in the prison mail system.  (Pet., supra, at 15.)  After conducting an initial review of the

Petition and accompanying documents, the Court concluded that the Petition appeared to be

untimely.  Because Petitioner had not addressed the timeliness issue, the Court provided him 20

days to explain why the instant § 2254 Petition should not be dismissed as untimely, including

any reasons why equitable tolling should apply.  (Order, Doc. No. 3 (citing Hill v. Braxton, 277

F.3d 701, 706 (4th Cir. 2002)).  Petitioner was forewarned that failure to respond to the Court's

Order could result in dismissal of the Petition without further notice.  (Order, supra.)

The Court's Order was entered on September 8, 2016, and a copy was mailed the same

day to Petitioner at Pender Correctional Institution, his place of confinement according to the

Petition.  As of the filing of this Order, the Court has received no response from Petitioner

addressing the timeliness of his Petition.

## II.  STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs

district courts to examine habeas petitions promptly.  Rule 4, 28 U.S.C.A. foll. § 2254.  When it

plainly appears from any such petition and any attached exhibits that the petitioner is not entitled

---

[1] It is not clear from the Order or the Petition whether the court's use of August 4, 2015 as the date Petitioner filed his MAR (Pet., supra, at 73) was a typographical error or reference to an amendment that Petitioner may have filed.

to relief, the reviewing court must dismiss the motion.  Id.

**III.    DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2]  § 2244(d)(1)(A).  The limitations period is tolled during the pendency of a properly filed state post-conviction action.  28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on May 9, 2013, when Petitioner was sentenced.  The North Carolina Court of Appeals issued its opinion affirming Petitioner's convictions and sentence on October 21, 2014.  Petitioner then had thirty-five days to file a petition for discretionary review in the North Carolina Supreme Court.  See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk.").  Petitioner did not seek discretionary review during that thirty-five-day time frame.  Therefore, his conviction became final on or about November 25, 2014, when the time for seeking review expired.  See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").

---

[2] There are three exceptions to this starting date, see § 2244(d)(1)(B)-(D), none of which applies here.

The federal statute of limitations then ran for 247 days until Petitioner filed his MAR on July 30, 2015. The limitations period was tolled until September 4, 2015, when the North Carolina Court of Appeals denied Petitioner's certiorari petition. See § 2244(d)(2). The statute of limitations resumed and ran for another 118 days until it finally expired on or about December 31, 2015, over two months before Petitioner filed the instant habeas Petition.

Petitioner has had ample opportunity to argue to the Court why equitable tolling or one of the other provisions of § 2244(d)(1) should apply to toll the statute of limitations, but he has not done so. The habeas Petition is untimely under § 2244(d)(1)(A) and will be dismissed as such.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely;

2. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk of Court is directed to substitute Frank L. Perry for "Superintendent Norville" as Respondent in this action; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 28, 2016

Frank D. Whitney
Chief United States District Judge